**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Roche Yares, <br><br> Plaintiff, <br><br> vs. <br><br> Bear Stearns Residential Mortgage Corp.; Ocwen Loan Servicing, LLC; LaSalle Bank N.A., as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4; Mortgage Electronic Registration System Inc.; Does 1 through 15 inclusive, <br><br> Defendants. | No. CV-10-2575-PHX-JAT <br><br> **ORDER** |

Pending before the Court is Plaintiff Cynthia Roche Yares's Motion to Remand to Maricopa County Arizona Superior Court (Dkt. 14). Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Registration Systems, Inc. ("MERS"), and Bank of America, National Association ("BOA"), as successor by merger to LaSalle Bank, N.A. ("LaSalle"), as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4 Asset-Backed Certificates, Series 2077-HE4, filed a response in opposition to Plaintiff's motion (Dkt. 15), which Defendant Bear Sterns Residential Mortgage Corporation ("Bear Stearns") joined (Dkt. 16). A hearing on Plaintiff's motion was held on April 11, 2011.

//

## I. BACKGROUND

Plaintiff's lawsuit against Defendants arises from a dispute regarding a mortgage loan secured by the real property located at 4733 East Vernon Avenue, Phoenix, Arizona 85008 (the "Property"). (Dkt. 1-1, Ex. B at ¶ 12.) The Complaint was filed in the Superior Court of Maricopa County, Arizona on October 12, 2010. (Dkt. 1 at ¶ 1.) Plaintiff seeks injunctive relief to prevent the sale of the Property, declaratory relief enjoining the sale of the Property, and cancellation of the mortgage loan. (Dkt. 1 at ¶ 3.) As an initial matter, the Complaint served on Defendants was missing several pages, specifically pages 1–3, 5–7 and 9. (Dkt. 1-1, Ex. B at pp. 2–23.) However, on November 30, 2010, Defendants subsequently filed with the Court a true and correct copy of the Complaint filed with the Superior Court. (Dkt. 7.)

On November 29, 2011, Defendants Ocwen, MERS and BOA (as successor of LaSalle) filed a notice of removal to the United States District Court for the District of Arizona based on diversity jurisdiction. (Dkt. 1.) At the time the action was removed to District Court, Defendant Bear Stearns had not been served in Superior Court or made in appearance in this action. (Dkt. 1 at ¶ 5.) Plaintiff filed proofs of service with the Superior Court after this action was removed, on or about December 17, 2010. (Dkt. 1-1, Ex. A.)

On December 6, 2010, Defendant Bear Stearns filed a motion to dismiss on the ground that the Complaint fails to state a claim against Bear Stearns. (Dkt. 10.) Also on December 6, 2010, Defendants Ocwen, LaSalle and MERS filed a motion to dismiss on the ground that Plaintiff fails to state a claim upon which relief may be granted. (Dkt. 12.) Plaintiff has failed to file a response or responses to these motions to dismiss. However, on December 20, 2010, Plaintiff filed the pending motion to remand. (Dkt. 14.) On January 6, 2011, Defendant Bear Stearns filed a motion requesting a summary ruling on its motion to dismiss due to Plaintiff's failure to respond. (Dkt. 17.)

It appears from Maricopa County records that on December 20, 2010, the Property was sold at a public auction to a third party bidder. According to Plaintiff, an unlawful detainer action is currently pending against Plaintiff in Mesa, Arizona.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

"As a general rule, all defendants who may properly join in the removal petition must join." *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). And, each defendant must join the notice of removal within thirty days of when such defendant is served. 28 U.S.C. § 1446(b). The Ninth Circuit recently adopted the "later-served rule." *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Under this later-served rule, "each defendant is entitled to thirty days to exercise his removal rights after

1 being served." *Id.* "All defendants who have been 'properly . . . served in the action' must
2 join a petition for removal." *Id.* (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193
3 n.1 (9th Cir.1988) (citing 28 U.S.C. § 1446(a)). If not all properly served defendants join in
4 the notice of removal, then "the district court may allow the removing defendants to cure the
5 defect by obtaining joinder of all defendants prior to the entry of judgment." *Id.* at 956–57;
6 *see Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir.2002) ("A procedural defect
7 existing at the time of removal but cured prior to entry of judgment does not warrant reversal
8 and remand of the matter to state court." (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 703
9 (9th Cir. 1998))).

10 However, any party not yet served does not need to join the notice of removal.
11 *Destfino*, 630 F.3d at 957 ("Because none of the non-joining defendants was properly served,
12 their absence from the removal notice did not render the removal defective."); *see Cmty.*
13 *Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678–79 (9th Cir. 1925) ("[D]efendants over whom the
14 court has not acquired jurisdiction may be disregarded in removal proceedings, and that the
15 defendants who have been summoned must of necessity be allowed to exercise their right of
16 removal.").

17 **III.   ANALYSIS**

18 Defendants argue that removal is proper, because the District Court has subject matter
19 jurisdiction based on diversity. *See* 28 U.S.C. §§ 1332; 1441. The value of the Property
20 exceeds $75,000, and the mortgage loan that Plaintiff seeks cancelled is in the amount of
21 $240,000. Plaintiff does not challenge the amount in controversy, and Defendants have met
22 their burden of establishing the amount in controversy exceeds $75,000.

23 With respect to citizenship of the parties, Plaintiff is a citizen of Arizona. Defendant
24 Ocwen is incorporated in Delaware and has its principal place of business in Florida.
25 Defendant MERS is a Delaware corporation with its principal place of business in Virginia.
26 Defendant Bear Stearns is a Delaware corporation with its principal place of business in New
27 York. Defendant LaSalle was purchased by BOA in 2007, and BOA, a national bank, has
28 designated Charlotte, North Carolina as the location of its main office. For purposes of

1 diversity jurisdiction, a national bank is citizen of the state in which its main office is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (interpreting 28 U.S.C. § 1348). Plaintiff does not challenge the citizenship of Defendants directly in the motion, and the Court finds the parties are diverse.

Instead of challenging the amount in controversy or the citizenship of the parties, Plaintiff argues that this action should be remanded to the Superior Court, because Defendants Bear Stearns and LaSalle did not properly consent to the removal of this action, and the District Court's retention of this action would be disruptive of Arizona's need to rule on issues of first impression. The Court examines each of these arguments below in denying Plaintiff's motion.

### A.     Consent to Removal

Defendant Bear Stearns did not join in the notice of remand. However, removing Defendants Ocwen, BOA and MERS did not have constructive notice of the service of Bear Stearns at the time of removal, because there was no proof of service filed with the Superior Court. (Dkt. 1-1, Ex. A.) Therefore, Bear Stearns's consent to removal was not required. *See Destfino*, 630 F.3d at 957. Nonetheless, even if Bear Stearns had been properly served prior to removal, Bear Stearns joined the opposition to Plaintiff's motion to remand (Dkt. 16), which the Court deems to be consent to removal of this action. *See id.* at 965–57.

With respect to Defendant LaSalle, Plaintiff argues that prior to BOA's acquisition of LaSalle, LaSalle "sold off all of their sub-prime loans to another Bank in Illinois." (Dkt. 14 at p. 3.) Regardless of the truth of this statement, Plaintiff has named LaSalle as a defendant in this action, not "another Bank in Illinois." Therefore, LaSalle, through its successor BOA, is the proper defendant to move for or consent to removal.

Plaintiff also argues that LaSalle, as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4, failed to consent to removal, and this constitutes a defect that requires remand. Plaintiff's argument is premised on the assumption that the successor entity, BOA, does not have authority to act on behalf LaSalle. However, in the motion, Plaintiff acknowledges the existence of the merger between LaSalle and BOA:

- 5 -

1  "LaSalle Bank N.A. prior to the merger with Bank of America in 2008 was a Corporation
2  chartered in the State of Illinois." (Dkt. 14 at p. 3.)  The Court finds that BOA, as Trustee,
3  is the successor-by-merger to LaSalle, as Trustee.  Therefore, BOA, as Trustee, had full
4  authority to consent to the removal of this action, because it is the current Trustee for the
5  Registered Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4 through its
6  acquisition of LaSalle.

7  Based on the foregoing, the Court finds that all properly served defendants,
8  specifically Defendants Ocwen, MERS, and BOA (as successor Trustee to LaSalle, as
9  Trustee), joined in the notice of removal within 30 days of service.  Although not required
10  to consent, Defendant Bear Stearns has consented to removal of this action by joining the
11  opposition to the motion to remand.  Therefore, remand is not appropriate on the ground that
12  all properly served defendants did not consent to removal.

13  **B.  Issue of First Impression**

14  Plaintiff also argues that this action should be remanded to the Superior Court,
15  because "[m]any of the issues presented in Plaintiff's Complaint are issues of first
16  impression, and without doubt significantly affect Arizona's statutory scheme." (Dkt. 14 at
17  p. 7.)  Defendants disagree, and respond that abstention from the exercise of federal
18  jurisdiction is not appropriate, because Plaintiff has not presented any exceptional
19  circumstances warranting abstention.

20  Diversity jurisdiction is not discretionary.  *See First State Ins. Co. v. Callan Assoc.*,
21  113 F.3d 161, 162 (9th Cir. 1997) ("[T]he obligation to exercise jurisdiction is 'virtually
22  unflagging.'").  Abstention by federal courts is the "exception rather than the rule."
23  *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007) (quoting *Green v.*
24  *City of Tucson*, 255 F.3d 1086, 1089 (9th Cir. 2001).  Plaintiff appears to rely on the *Burford*
25  abstention doctrine set forth in *Colorado River Water Conservation District v. United States*,
26  424 U.S. 800 (1976), and *Burford v. Sun Oil Company*, 319 U.S. 315 (1943).  Plaintiff also
27  cites several other cases that are not binding on the Court, but address the *Burford* abstention
28  doctrine.

- 6 -

Under *Burford*, abstention may be appropriate to avoid federal intrusion into matters that are largely of local concern and within the special competence of local courts. "While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989) (citing *Colo. River Water Conservation Dist.*, 424 U.S. at 815–16).

In an effort to limit the application of abstention under the *Burford* principles, the Ninth Circuit Court of Appeals generally requires certain factors be present in order for abstention to apply: (1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state court efforts to establish a coherent policy. *Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991).

Plaintiff has failed to persuade the Court that the abstention doctrine applies here. This case is not brought under the Court's equitable powers; it is squarely within this Court's diversity jurisdiction. The Court, sitting in diversity, sits in the same posture as the Superior Court. The result would not be different in this federal proceeding than would be achieved in the removed state court proceeding. *Id.* at 1406. Furthermore, Arizona does not require that suits brought pursuant to Arizona's deed of trust statutes must be filed in a specific court.

There is no concern that federal issues are not easily separable from complicated state law issues, because there are no federal implications to the claims brought by Plaintiff. Plaintiff's claims, concerning the prevention of the foreclosure and avoidance of the mortgage loan, involve well-established Arizona law. The claims to be resolved are not complicated, and do not involve a complex web of administration.

Finally, and contrary to Plaintiff's argument, federal adjudication of this matter will not disrupt the State of Arizona's efforts to establish a coherent policy. The *Burford* abstention doctrine is designed to limit federal interference with the development of state

- 7 -

policy, and *Burford* allows federal "courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (quoting *Knudsen Corp. v. Nev. State Dairy Comm'n*, 676 F.2d 374, 376 (9th Cir. 1982)). This is clearly not the situation before the Court. As stated in Defendants' opposition, "questions relating to foreclosures are regularly and seamlessly decided in Arizona's federal court." (Dkt. 15 at p. 7) (citations omitted). The issues raised in the Complaint and Plaintiff's motion do not constitute the exceptional circumstances in which the Court will abstain from exercising federal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to Maricopa County Arizona Superior Court (Dkt. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Request for Summary Ruling (Dkt. 17) is **DENIED**. Plaintiff is ordered to respond to the pending Motions to Dismiss (Dkt. 10 & 12) within **14 days** of this Order. If Plaintiff does not file a response within 14 days of this Order, then the Clerk of the Court is directed to dismiss this action with prejudice, without further order of the Court, for failure to prosecute and failure to comply with the Court's orders.

**IT IS FINALLY ORDERED** that Defendants Does 1 through 15 are dismissed, because the Federal Rules of Civil Procedure do not provide for the use of fictitious defendants.

DATED this 12th day of April, 2011.

James A. Teilborg
United States District Judge