**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Roche Yares, | No. CV 10-2575-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Bear Stearns Residential Mortgage Corp.; Ocwen Loan Servicing, LLC; LaSalle Bank N.A., as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4; Mortgage Electronic Registration Systems Inc., | |
| Defendant. | |

Pending before the Court is a Motion to Dismiss (Dkt. 10) filed by Defendant Bear Stearns Residential Mortgage Corp. ("Bear Stearns"), and a Motion to Dismiss (Dkt. 12) filed by Defendants Ocwen Loan Servicing ("Ocwen"), LaSalle Bank N.A., as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4 ("LaSalle"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). A hearing was held on June 20, 2011, and the Court is now prepared to rule on the Motions to Dismiss.

**I.     BACKGROUND**

On or about January 9, 2007, Plaintiff obtained a loan for $240,000 from Bear Stearns.

1  (Dkt. 7, Ex. A.[1])  The loan was secured by a Deed of Trust on the real property located at
2  4733 East Vernon Avenue, Phoenix, Arizona 85008 (the "Property").  (*Id.*)  MERS, as
3  nominee for Bear Stearns, was named the beneficiary under the Deed of Trust.  (*Id.*)

4  MERS, as nominee for Bear Stearns, assigned the Deed of Trust to LaSalle, care of
5  Ocwen.  (Dkt. 7, Ex. B.)  The Assignment of Deed of Trust was "made and entered into as
6  of the 01st of August, 2007," executed on May 18, 2009, and recorded on June 1, 2009, in
7  the Official Records of Maricopa County, Arizona.  (*Id.*)

8  On February 10, 2009, a Notice of Substitution of Trustee was recorded, in which
9  Ocwen, on behalf of LaSalle, appointed Christopher R. Perry ("Perry") as the successor
10 trustee under the Deed of Trust.  (Dkt. 7, Ex. C.)  Immediately thereafter, Perry recorded a
11 Notice of Trustee's Sale.  (Dkt. 7, Ex. D.)  The trustee's sale of the Property was originally
12 scheduled for May 12, 2009.  (*Id.*)

13 Plaintiff does not allege in the Complaint that her loan payments were current at the
14 time the power of sale provisions in the Deed of Trust were invoked by the beneficiary under
15 the Deed of Trust.

16 On October 12, 2010, Plaintiff filed a complaint in the Superior Court for Maricopa
17 County, Arizona.  (Dkt. 7.)  The Complaint sets forth four counts: injunctive relief,
18 declaratory relief, breach of contract, and payment/cancellation of mortgage loan.  (Dkt. 7
19 at pp. 15–17, 22.)  On October 13, 2010, Plaintiff recorded a lis pendens on the Property in
20 connection with the state court action.  (Dkt. 22 at p. 3.)

21 On November 29, 2011, Defendants removed the state court action to federal court
22 on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  (Dkt. 1.)  The Court
23 subsequently denied Plaintiff's motion to remand.  (Dkt. 20.)

---

[1] The Court may take judicial notice of matters of public record without converting the Motions to Dismiss into motions for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because the exhibits to Plaintiff's Complaint are public records, the Court may properly take judicial notice of the undisputable facts contained in these documents.  *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

- 2 -

Following the trustee's sale of the Property,[2] Plaintiff was named as a defendant in a forcible entry and detainer action in a separate state court proceeding. (Dkt. 22 at p. 3.) Final argument in that state court proceeding occurred on April 26, 2011. (*Id.*) According to Plaintiff, she was evicted from the Property on May 10, 2011. Plaintiff was unsure if an appeal had been filed on her behalf in the state court proceeding.

## II.    LEGAL STANDARD

Defendants have moved to dismiss the Complaint (Dkt. 7) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual

---

[2] According to a Trustee's Deed Upon Sale, recorded as Maricopa County Recording No. 2011-0010318, the successor trustee, Perry sold the Property at a trustee's sale on December 20, 2010, to Canadien Investors Associates LLC.

- 3 -

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

**III.   ANALYSIS**

Defendants have moved to dismiss the Complaint, because Plaintiff has failed to state a claim upon which relief can be granted. (Dkt. 10, 12.) Plaintiff's Response to the Motions to Dismiss contains the same arguments set forth in the Complaint, and also includes allegations against Perry and other parties for fraud and theft.[3] (Dkt. 22.)

As an initial matter, the Court finds the Complaint fails to meet the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires each allegation of a complaint to be "simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). This

---

[3] It appears that Plaintiff's response attempts to add parties, such as Perry, and claims, such as fraud and theft. (*See e.g.* Dkt. 22 at p. 3) ("Plaintiff hereby accuses the Law Firm of Perry & Shapiro, the Canadian Investors Association, and PAJ LLC of fraud and theft of her property."). These attempted additions are improper, and the Court will not consider claims and parties not properly included in the Complaint.

- 4 -

requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id.* at 1179. Here, the Complaint fails to meet the Rule 8 pleading requirements. The Complaint is filled with speculative legal conclusions, repetitive arguments, and lengthy, compound allegations. The Complaint does not contain a short and plain statement of each claim showing that Plaintiff is entitled to relief, and the Complaint lacks the simple, concise and direct allegations required by Rule 8.

### 1. Motion to Dismiss Filed By LaSalle, Ocwen & MERS

Defendants LaSalle, Ocwen and MERS have moved to dismiss the Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted. The Court will grant the Motion to Dismiss. The Complaint consists of claims and arguments that have repeatedly been considered and rejected by courts in the District of Arizona.

#### *A.   Injunctive & Declaratory Relief*

In Counts One and Two of the Complaint, Plaintiff attempts to state claims for injunctive and declaratory relief; however, injunctive and declaratory relief are remedies for underlying causes of action, and not independent causes of action. Plaintiff must base her request for injunctive and declaratory relief on a cognizable legal theory.[4] For the reasons

---

[4] The Eleventh Circuit explained:

> [A]ny motion or suit for a traditional injunction must be predicated upon a cause of action, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits. There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim).

discussed below, Plaintiff has failed to sufficiently plead any underlying cause of action that would entitle her to either of these equitable remedies.

### B. *"Show Me the Note" Theory*

While the Complaint is often verbose and confusing, most of Plaintiff's allegations seem to be premised on variations of the "show me the note" theory. In her response to the Motions to Dismiss, Plaintiff denies asserting an action premised on the "show me the note" theory; however, the Complaint is replete with variations of this line of argument. Plaintiff argues that "[n]one of the parties and entities seeking to non-judicially foreclose the Deed of Trust . . . is the lawful assignee of record of the original lenders' Bear Stearns[] beneficial interest in the Deed of Trust or Note," and "none of the parties and entities seeking to enforce the Note is the transferee by valid endorsement or allonge of that Note with the power or authority to enforce the Note." (Dkt. 22 at p. 2.)

In the "General Allegations" section of the Complaint, as well as in Counts One, Two and Three, Plaintiff repeatedly asserts that, because Defendants have not presented evidence of the chain of title to the promissory note and/or the Deed of Trust, no Defendant has authority to conduct a trustee's sale of the Property. (*See e.g.* Dkt. 7, ¶ 13) ("That because Defendant Ocwen . . . had never lawfully been assigned either the beneficial interest in the Deed of Trust . . . or the Original Promissory Note . . . , it lacks authority to enforce the instrument.").

Plaintiffs have offered the Court no relevant, controlling authority to support any of these claims. Rather, non-judicial trustee's sales are controlled by the rules enumerated in A.R.S. §§ 33–801 to -821, and do not require production of the promissory note and/or the deed of trust. *See Warren v. Sierra Pac. Mortgage Servs. Inc. FN*, No. CV 10-2095, 2011 WL 1526957, at *5 (D. Ariz. April 22, 2011); *Kane v. Bosco*, No. CV 10-1787, 2010 WL 4879177, at *11 (D. Ariz. Nov. 23, 2010). Under Arizona law, and "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a contract

---

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

- 6 -

1 theory under the power of sale authority of the trustee." *In re Krohn*, 52 P.3d 774, 777 (Ariz. 2002). "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security." A.R.S. § 33–807(A).

The Arizona statutes governing the sale of foreclosed property through trustee's sale do not specifically require that the foreclosing party produce a physical copy of the original promissary note. Accordingly, the courts within the District of Arizona have routinely rejected the "show me the note" theory and related arguments. *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009); *Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009). Given that Plaintiff has offered no contrary authority and has expressly consented to the non-judicial foreclosure in the Deed of Trust, the Court rejects the claims premised on the "show me the note" theory.

### C.   *"Broken Chain of Title" Allegations*

The Complaint also includes allegations concerning the purported "broken chain of title." These "broke chain of title" allegations are strewn throughout the Complaint, which makes addressing each count or cause of action in a linear fashion difficult. The allegations arise in connection with the assignment of the beneficiary's interest in the Deed of Trust. Plaintiff alleges that the trustee's sale is unauthorized, because the Assignment of Deed of Trust was recorded after the documents relating to the trustee's sale (*i.e.*, the Notice Substitution of Trustee and the Notice of Trustee's Sale). (Dkt. 7, ¶¶ 13, 14, 64.) Plaintiff also alleges that Ocwen was not properly assigned any interest in the Deed of Trust or the promissory note, and, thus, had no authority to appoint Perry as the successor trustee to non-judicially foreclose the Deed of Trust.

Contrary to Plaintiff's allegations and arguments, the Assignment of Deed of Trust was effective and valid on August 1, 2007, even though it was not recorded until June 1, 2009. Courts have rejected claims for wrongful foreclosure on the basis of backdating, and instead have utilized the effective date of assignment. *See Nichols v. Bosco*, No. CV 10-1872, 2011 WL 814916, at *4 (D. Ariz. Mar. 4, 2011); *Mitchell v. EMC Mortgage Corp.*, No.

CV 09-1362, 2009 WL 3274407, at *5 (D. Ariz. Oct. 13, 2009); *Quintero Family Tr. v. OneWest Bank, F.S.B.*, No. CV 09-1561, 2010 WL 392312, at *7 n.6 (S.D. Cal. 2001); *see also* 6A C.J.S. *Assignments* § 88 (2011). Further, Arizona law does not require an assignment to be recorded in order for it to become effective. Recordation serves to put parties on notice, not to effectuate the assignment. Accordingly, the Court rejects Plaintiff's allegations that LaSalle, through its agent Ocwen, lacked standing to conduct foreclosure proceedings due the recordation date of the Assignment of Deed of Trust.

Plaintiff also appears to allege throughout the Complaint that a trustee's sale is not valid until Bear Stearns, as the original lender, produces an assignment of the beneficial interest to Plaintiff. (Dkt. 7, ¶ 60.) However, the Assignment of Deed of Trust, attached to the Complaint, effectuates the exact transfer of the original lender's beneficial interest that Plaintiff alleges has not been produced. (*See* Dkt. 7, Ex. B.) Accordingly, the trustee's sale cannot be invalid on this ground.

Based on the foregoing, all causes of action arising in connection with the "show me the note" theory and the "broken chain of title" allegations will be dismissed for failure to state a claim upon which relief can be granted.

### D. *Breach of Contract Claim*

Plaintiff alleges that Defendants committed an anticipatory breach of the Deed of Trust "by threatening to conduct an unlawful and unauthorized non-judicial Trustee's Sale of the Plaintiff borrowers' property." (Dkt. 7, ¶ 63.) Defendants argue, correctly, that with respect to Count Three, Plaintiff has failed to state a claim upon which relief can be granted.

In order to state a claim for breach of contract, a plaintiff must allege the existence of a contract between the plaintiff and the defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff. *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. App. 2004). Additionally, in order to state a claim for anticipatory breach of contract, "there must be a positive and unequivocal manifestation on the part of the party allegedly repudiating [the contract] that he will not render promised performance when the time fixed for performance arrives." *Esplendido Apartments v. Olsson*, 697 P.2d 1105, 1110 (Ariz.

App. 1984).

As set forth above, Plaintiff's allegation that the Notice of Trustee'sسale is invalid due to purported discrepancies in the chain of title is unavailing. The Assignment of Deed of Trust effectively conveyed Bear Stearns's beneficial interest in the Deed of Trust to LaSalle, and thereafter, LaSalle's agent Ocwen initiated foreclosure proceedings on behalf of LaSalle. Regardless of the merits of the chain of title allegations, the Complaint fails to connect these allegations to the elements of an anticipatory breach of contract claim. With respect to anticipatory breach of contract, Plaintiff has not alleged any "positive and unequivocal manifestation" of Defendants' intent not to render a promised performance.

Further, even if Plaintiff had alleged a claim for breach of contract, Plaintiff has not denied that she defaulted on her obligations under the Deed of Trust. Absent curative action by Plaintiff, Defendants may lawfully sell the Property at a trustee's sale pursuant to the power of sale provisions in the Deed of Trust. Based on the foregoing, Plaintiff has failed to state a breach of contract claim, and Count Three of the Complaint must be dismissed.

### E.   *Credit Default Swap and Quiet Title Claim*

In Court Four of the Complaint for "Payment/Cancellation of Mortgage Loan," Plaintiff alleges that:

> On information and belief, the original Lender BSRMC, and/or its purported successor LaSalle Bank collected the proceeds on the Credit Default Swap insurance it purchased thereby paying the Promissory Note in question in full and requiring the recipient of the proceeds of the Credit Default Swap insurance to record a Satisfaction of Mortgage acknowledging that the Note has been paid off in full.

(Dkt. 7, ¶ 78.) First, this claim is based entirely on speculation. Plaintiff admits that she does not know if either Bear Stearns or LaSalle purchased a credit default swap. (*Id.* ¶¶ 75–76, 78.) Second, Plaintiff misunderstands the nature and purpose of a credit default swap.

A credit default swap is a financial instrument, similar to insurance, used by corporations to transfer credit risk from one party to another. To the extent a credit default swap pays money owed to a lender when a borrower defaults on a loan, the benefit does not accrue to the borrower, as Plaintiff suggests in Court Four of the Complaint. *See Dumont v.*

*HSBC Mortgage Corp., USA*, No. CV 10-1106, 2010 WL 3023885, at *6 (D. Ariz. Aug. 2, 2010) (citing PBS.org, Frontline: Inside the Meltdown: Individual Borrowing Lesson: Glossary of Financial Terms: Credit Default Swap, http://www.pbs.org/wgbh/pages/frontline/teach/meltdown/glossary.html (last visited June 20, 2011)). Therefore, even if one of the Defendants received proceeds from a credit default swap when Plaintiff defaulted on her loan, Plaintiff is not entitled to the cancellation of the loan or quiet title to the Property.

Further, to the extent that Plaintiff seeks to quiet title to the Property, Plaintiff has failed to allege that she has satisfied her loan obligations and, therefore, is entitled to the release of the Deed of Trust. Additionally, Plaintiff has not indicated that she is ready, willing and able to tender the full amount owed on the loan. Thus, Plaintiff's purported use of the action to quiet title is inappropriate. Accordingly, Court Four fails to state a claim upon which relief can be granted, and must be dismissed.

### F.     *Unconstitutionality of A.R.S. § 33-811(B)*

Although not enumerated as a cause of action in the Complaint, Plaintiff seeks to challenge the constitutionality of the "conclusive presumption" in A.R.S. § 33-811(B), which provides, in relevant part:

> The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. A trustee's deed shall constitute conclusive evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.

A.R.S. § 33-811(B). Plaintiff alleges that the conclusive presumption violates constitutionally-mandated separation of powers and is an unlawful encroachment on the rulemaking power of the Arizona Supreme Court. (Dkt. 7, ¶ 32.) Plaintiff requests the right to prospectively challenge the validity of the trustee's deed, because Defendants will not have in their possession certain loan documents at the time of a prospective trustee's sale of the Property. (*Id.*, ¶ 33.)

At the time the Complaint was filed, the trustee's sale had not occurred and the

- 10 -

issuance of a trustee's deed was only speculative in nature. (*Id.*, ¶¶ 30, 31.) "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

The "conclusive presumption" that Plaintiff argues is unconstitutional was not even applicable at the time the Complaint was filed. When she filed the Complaint, Plaintiff could have, but did not, challenge the subject matter of A.R.S. § 33-811(B). Specifically, Plaintiff could have directly challenged Defendants' compliance with either the Deed of Trust's power of sale provisions, or the Arizona statutes governing trustee's sales, but she did not.

Notwithstanding the prospective nature of Plaintiff's allegations in the Complaint (Dkt. 7, ¶ 33), the Court has rejected Plaintiff's "show me the note" and "chain of title" arguments, which provide the foundation for Plaintiff's unconstitutionality argument. Accordingly, the Court will dismiss Plaintiff's claim that the "conclusive presumption" in A.R.S. § 33-811(B) is unconstitutional.

### G. *Removal of Lis Pendens*

In addition to dismissal of the Complaint, LaSalle, Ocwen and MERS also seek an order quashing the lis pendens filed by Plaintiff against the Property. (Dkt. 12 at p. 8.) A lis pendens remains in effect until trial if there is "some basis" for the claim. *Evergreen West, Inc. v. Boyd*, 810 P.2d 612, 619 (Ariz. App. 1991). Because the Court will give Plaintiff leave to amend the Complaint, the Court will not remove the lien caused by the lis pendens at this time. However, in the event that Plaintiff does not file an amended complaint in accordance with this Order, the lis pendens will be quashed.

### 2. **Motion to Dismiss Filed By Bear Stearns**

Bear Stearns argues that the Complaint fails to allege a cognizable claim against it. And, for the most part, the allegations in the Complaint do not involve Bear Stearns. Plaintiff, in her response, argues that Bear Stearns has clouded title to the Property "by failing to disclose whether a beneficial interest in Plaintiffs' home mortgage loan was ever in fact conveyed to [LaSalle]." (Dkt. 22 at p. 3.) Plaintiff argues that by failing to disclose

- 11 -

1  certain loan documents, Bear Stearns is still the lender, and, as a result, is liable for "the
2  fraudulent attempt to steal the Plaintiffs' home." (*Id.* at p. 7.)

3  As discussed above, Bear Stearns was not required to show Plaintiff the original
4  promissory note, an endorsement or allonge of the original promissory note, or a recorded
5  assignment from Bear Stearns to LaSalle, prior to the current beneficiary's initiation of
6  foreclosure proceedings. The "show me the note" theory in the Complaint,to the extent that
7  it implicates Bear Stearns, fails to state a claim upon which relief can be granted.

8  With respect to the breach of contract claim, Plaintiff alleges:

> That by threatening to conduct an unlawful and unauthorized non-judicial Trustee's Sale of the Plaintiff borrowers' property, the Defendant BSRMC original lender, its alleged assignee, and the purported servicer of the Loan have committed an anticipatory breach of the terms and conditions of the contract between Plaintiff borrower and her original lender.

12  (Dkt. 7, ¶ 63.)

13  As discussed above, as of August 1, 2007, the Assignment of Deed of Trust assigned
14  Bear Stearns's interest in the Deed of Trust to LaSalle. (Dkt. 7, Ex. B.) Bear Stearns is not
15  a foreclosing entity, and no longer has any interest in the Deed of Trust or the Property. Bear
16  Stearns cannot breach a contract to which it is not a party. Therefore, Plaintiff fails to state
17  a claim against Bear Stearns for the allegedly unlawful foreclosure proceedings conducted
18  by other parties after Bear Stearns assigned its beneficial interest in the Deed of Trust.

19  With respect to Court Four of the Complaint, Plaintiff attempts to assert a claim
20  against Bear Stearns or another purported assignee under Arizona insurance law. (Dkt. 7,
21  ¶¶ 40–41.) However, Plaintiff's allegations are insufficient to state a cognizable claim.
22  Plaintiff's allegations that Bear Stearns or the other Defendants engaged in credit default
23  swaps are speculative and conclusory in nature, and Plaintiff does not allege how the credit
24  default swaps were in violation of Arizona insurance law.

25  Plaintiff, in her response, also attempts to raise issues with the "legal status" of Bear
26  Stearns as an entity. (Dkt. 22 at pp. 7, 9.) These purported issues are irrelevant to Bear
27  Stearns's Motion to Dismiss on the grounds that Plaintiff has failed to state a claim against
28  Bear Stearns.

- 12 -

1  The Court finds that as a result of Bear Stearns's assignment of its interest in the Deed of Trust prior to the initiation of foreclosure proceedings, Bear Stearns cannot be liable for the wrongdoing alleged in the Complaint. Plaintiff's claims arise in connection with the foreclosure of the Deed of Trust on the Property, and the remedies sought by Plaintiff pertain to the halting or undoing of the trustee's sale of the Property. Bear Stearns has no interest in the Property, and Plaintiff does not allege that Bear Stearns has engaged in any activity with respect to the trustee's sale. Therefore, Plaintiff's claims against Bear Stearns must be dismissed.

### 3. Leave to Amend the Complaint

In this case, Plaintiff has not amended the Complaint as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants LaSalle, Ocwen and MERS filed the last motion to dismiss on December 6, 2010. (Dkt. 12.) Because the 21-day time frame to file an amendment following a motion to dismiss has expired, Plaintiff has lost the right to amend the Complaint once as a matter of course. Fed.R.Civ.P. 15(a)(1). Defendants have requested the Court to grant their Motions to Dismiss with prejudice. However, the Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id.* at 1129 (quoting *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Plaintiff will be given a reasonable opportunity, if she so chooses, to amend the Complaint to cure the deficiencies identified in this Order, and to make clear her allegations in short plain statements in the manner required in Rule 8 of the Federal Rules of Civil Procedure. Plaintiff is cautioned not to simply re-allege the failed claims in an amended complaint. In addition to the issues discussed throughout this Order, the Court also notes, that Plaintiff has peppered the Complaint with repetitive requests for relief. If Plaintiff

- 13 -

amends the Complaint, then she is advised to set forth her demand for relief in one place at the end of the amended complaint as required by Rule 8(a)(3).

## IV. CONCLUSION

For the reasons set forth above, the Court will grant the pending Motions to Dismiss without prejudice, and will permit Plaintiff to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss (Dkt. 10) is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 12) is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint no later than 21 days from the date of this Order. If Plaintiff does not file an amended complaint within 21 days, then the Clerk of the Court shall, without further Court order, dismiss this case with prejudice, and the lis pendens recorded against the Property shall be quashed.

Dated this 24th day of June, 2011.

_____
James A. Teilborg
United States District Judge