**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Roche Yares,<br><br>Plaintiff,<br><br>vs.<br><br>La Salle Bank National Association, As Trustee for the Register Holders of Bear Sterns Asset Backed Securities I Trust 2007-HE4 Asset Backed Certificates, Series 2007-HE4, its assigns and/or successors in interest, the Law Offices of Shapiro, VanEss & Sherman, LLP (formerly known as Perry & Shapiro, LLP), citing Christopher R. Perry and Keri Sheehan,<br><br>Defendants. | No. CV 10-2575-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Second Amended Complaint (Dkt. 36). Plaintiff has filed a Response (Dkt. 38) and Defendants have filed their Reply (Dkt. 39). The Court now rules on the Motion.

**I.   FACTUAL BACKGROUND**

On or about January 9, 2007, Plaintiff obtained a loan for $240,000 from Bear Stearns. (Dkt. 31). The loan was secured by a Deed of Trust on the real property located at 4733 East Vernon Avenue, Phoenix, Arizona 85008 (the "Property"). (*Id.*). MERS, as nominee for Bear Stearns, was named the beneficiary under the Deed of Trust. (*Id.*).

MERS, as nominee for Bear Stearns, assigned the Deed of Trust to LaSalle, care of

Ocwen. (*Id.*). The Assignment of Deed of Trust was "made and entered into as of the 01st of August, 2007," executed on May 18, 2009, and recorded on June 1, 2009, in the Official Records of Maricopa County, Arizona. (*Id.*).

On February 10, 2009, a Notice of Substitution of Trustee was recorded, in which Ocwen, on behalf of LaSalle, appointed Christopher R. Perry as the successor trustee under the Deed of Trust. (*Id.*). Immediately thereafter, Perry recorded a Notice of Trustee's Sale. (*Id.*). The Trustee's Sale of the Property was originally scheduled for May 12, 2009. (*Id.*).

In her Complaint, Plaintiff admits that she defaulted on her loan and her loan payments were not current at the time the power of sale provisions in the Deed of Trust were invoked by the beneficiary under the Deed of Trust. (Dkt. 34 at 6).

## II. PROCEDURAL BACKGROUND

On October 12, 2010, Plaintiff filed a Complaint in the Superior Court for Maricopa County, Arizona. (*Id.*). The Complaint set forth four counts: injunctive relief, declaratory relief, breach of contract, and payment/cancellation of mortgage loan. (*Id.*).

On November 29, 2011, Defendants removed the state court action to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (*Id.*). The Court subsequently denied Plaintiff's motion to remand. (*Id.*).

On June 24, 2011, this Court dismissed Plaintiff's original Complaint. (*Id.*). The Court found that Plaintiff failed to meet the pleading standard set forth in Federal Rules of Civil Procedure 8 and directed that if Plaintiff amended her Complaint, she should "make clear her allegations in short plain statements in the manner required in Rule 8" and cautioned Plaintiff not to simply re-allege her failed claims. (*Id.*).

Defendants Ocwen Loan Servicing, LLC, Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE4 Asset-Backed Certificates, Series 2007-HE4 and Mortgage Electronic Registration Systems, Inc.

1  (hereinafter "Defendants")¹ now move to dismiss the Amended Complaint for failure to state
2  a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of
3  Civil Procedure.

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible

---

¹ The other named Defendants are the Law Offices of Shapiro, VanEss & Sherman, LLP, Christopher R. Perry, and Keri Sheehan. These Defendants were not named in Plaintiff's original Complaint and have been added in the Amended Complaint. Plaintiff's Response to the Motion to Dismiss indicates that she believes they have been properly joined as Defendants to this action: "It is to be noted here that Defendant Shapiro, VanEss and Sherman, LLP has not responded to the *Amended Complaint*, so it appears that no argument or objection shall be forthcoming from that quarter." (Dkt. 38 at 2). The Court notes that there is no evidence that the Law Offices of Shapiro, VanEss & Sherman, LLP, Christopher R. Perry or Keri Sheehan have been properly served with the Amended Complaint. Plaintiff has filed no Notice of Service with the Court nor does it appear that Plaintiff ever had Summonses issued for these Defendants.

on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding *pro se*, the Court must construe her Amended Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

**IV.    ANALYSIS**

Plaintiff seeks to have the Trustee's Sale that took place on February 9, 2009 cancelled and the Trustee's Deed Upon Sale that was executed December 21, 2010 declared void. Plaintiff also seeks to have the MERS' assignment of the Deed of Trust declared void. Plaintiff relies on three theories as to why she is entitled to such relief: (1) "as a matter of law, recourse through foreclosure was not a legal option;" (2) breach of contract based upon failure to provide notice of default, in violation of the terms of the Deed of Trust; and (3) "the Notice of Substitution of Trustee was defective and all succedent documents and actions in foreclosure based upon that substitution were invalid as a matter of course."

Defendants assert that Plaintiff's Amended Complaint not only fails to meet the pleading standard of Rule 8, but fails to state a claim upon which relief can be granted. The Court agrees.

### A.     Federal Rules of Procedure 8

Plaintiff's Amended Complaint again fails to meet the pleading standard set forth in Federal Rules of Civil Procedure 8. As this Court noted in its previous Order granting dismissal of Plaintiff's original Complaint, "[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id.* at 1179.

Plaintiff has again failed to identify which Defendants committed what wrongs and again fills her Amended Complaint with speculative legal conclusions and repetitive arguments. Further, Plaintiff has again included allegations against entities not named as Defendants.[2] Accordingly, Plaintiff has failed to meet the pleading standard required by Rule 8.

### B.     Federal Rules of Civil Procedure 12(b)(6)

Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted for three reasons: (1) Plaintiff waived her claims by failing to obtain an injunction prior to the Trustee's Sale; (2) Plaintiff is judicially estopped from bringing her claims because her claims were not listed as assets in her bankruptcy proceeding; and (3) Plaintiff's claims fail, as a matter of law, because the foreclosure documents are lawful. Because the Court agrees that Plaintiff waived her claims by failing to obtain an injunction prior to the Trustee's Sale, the Court will not address Defendants' other arguments.

---

[2] Plaintiff asserts that she strategically did not name certain entities as Defendants: "Plaintiff has elected to disregard Ocwen's role in the current dispute. MERS holds a similar position, as it is merely a tool of the 'financial services' industry and lacks executive autonomy." (Dkt. 38 at 2). However, the assertion that Plaintiff has "disregarded" these entities' roles is contradicted by the allegations in the Amended Complaint against these entities. For instance, Plaintiff asks the Court to declare that "MERS' Assignment of the Deed of Trust of Arizona was unlawful and therefore void," but fails to name MERS as a Defendant.

**1. Whether Plaintiff has Waived her Claims by Failing to Obtain Injunction.**

Defendants argue that under Arizona Revised Statutes ("A.R.S.") § 33-811(C), Plaintiff has waived her right to object to the sale because she did not obtain injunctive relief prior to the sale.

A.R.S. § 33-811(C) provides that

> [t]he trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale. A copy of the order, the application for the order and the complaint shall be delivered to the trustee within twenty-four hours after entering the order.

There is no doubt that Plaintiff received notice of the Trustee Sale pursuant to § 33-809. Plaintiff attached a copy of the Notice (dated February 9, 2009) as Exhibit D to her original Complaint, dated October 12, 2010 (Dkt. 1-1). The Trustee Sale did not occur until December 20, 2010. Because Plaintiff received notice of the Trustee Sale pursuant to §33-809, she waived all defenses and objections to the Trustee Sale not raised in an action resulting in injunctive relief awarded at least one business day before the Trustee Sale. *See Coleman v. Am. Home Mortg. Servicing, Inc.*, No. CV 09-2692 PHX DGC, 2010 WL 1268141, at *4 (D. Ariz. March 30, 2010).

Plaintiff argues that A.R.S. § 33-809 should not apply to her because she requested a "mandatory injunction" in her original Complaint filed with the Maricopa County Superior Court on October 12, 2010. She argues that she was not granted the injunction because the action was removed to this Court on November 29, 2010. Plaintiff did not file a Rule 65 motion in state court, nor did she file a motion for preliminary injunction in this Court. Plaintiff seems to argue that the request in her original Complaint "for a judgment in the nature of a mandatory injunction" is a Rule 65 Motion. However, the Court does not need

1  to decide whether that request could somehow operate as a Rule 65 motion[3] because § 33-
2  809 requires that Plaintiff actually *obtain* injunctive relief to avoid waiver. No injunctive
3  relief was ever awarded.[4] Plaintiff's argument that she was somehow prevented from
4  obtaining injunctive relief because the case was removed to this Court is without merit.
5  Accordingly, the Court must determine if Plaintiff's current claims are objections or defenses
6  to the sale and therefore waived.

### i. The Nature of Plaintiff's Claims

In her Amended Complaint, Plaintiff first argues that, as a matter of law, recourse through foreclosure was not a legal option because MERS could not legally have been a beneficiary of the trust deed and cannot legally assign a mortgage deed to a third party. Plaintiff argues that, because of this, MERS' transfer to LaSalle Bank National Association was improper and thus, LaSalle could not legitimately foreclose on Plaintiff because "it failed to obtain a legitimate transfer of title properly endorsed by the original lender." Success on this theory would have provided a defense to the sale of the Trust Property. Accordingly, Plaintiff has waived this defense by failing to obtain relief pursuant to Rule 65.[5]

---

[3] The Court notes that the language of § 33-811(C) suggests that a Rule 65 motion is necessary, as it specifically refers to Rule 65.

[4] Further, in its Order dismissing Plaintiff's original Complaint, this Court held that Plaintiff "failed to sufficiently plead any underlying cause of action that would entitle her to [injunctive or declaratory relief.]." (Dkt. 31 at 5-6). This suggests that even if Plaintiff had filed a proper Rule 65 Motion, she would not have been entitled to injunctive relief, as the standard in State or Federal Court is a strong likelihood of success on the merits. Because Plaintiff did not successfully plead an underlying cause of action in her original Complaint, the Court could not have found a strong likelihood of success on the merits as to those claims.

[5] The Court notes that, even without waiver, Plaintiff has not stated a claim upon which relief can be granted based on current Arizona law. *See Cervantes v. Countrywide Home Loans, Inc.*, No. CV 09-517-PHX-JAT, 2009 WL 3157160, at *10 (D. Ariz. September 24, 2009) ("Plaintiffs' argument that MERS is a "sham" beneficiary is unconvincing."). Moreover, Plaintiff specifically agreed to and was on notice that MERS held legal title to the secured interests in the Property, as MERS is named as the beneficiary on the Deed of Trust on the Property. *See Cervantes v. Countrywide Home Loans, Inc.*, 656

- 7 -

Plaintiff's second argument is that Defendant Perry did not provide her with notice of default as required by the Trust Deed and therefore, the sale was a breach of contract and the foreclosure should be declared null and void. Again, if Plaintiff were successful on this theory, it would have been a defense to the sale of the Trust Property and is waived because Plaintiff did not obtain relief pursuant to Rule 65.

Plaintiff finally argues that the Notice of Substitution of Trustee was defective and all succedent documents and actions in foreclosure based upon that substitution were invalid as a matter of course. If Plaintiff were successful on this theory, it would have been a defense to the sale of the Trust Property and is waived because Plaintiff did not obtain relief pursuant to Rule 65.

Because all of Plaintiff's arguments are defenses and/or objections to the Trustee Sale, Plaintiff has waived them. Accordingly, the Motion to Dismiss will be granted. Morever, the Court finds that granting Plaintiff leave to amend her Complaint a second time would be futile because amendment could not cure her failure to obtain injunctive relief before the Trustee Sale.

### C. Similarly Situated Defendants

As noted above, Defendants the Law Offices of Shapiro, VanEss & Sherman, LLP, Christopher R. Perry, and Keri Sheehan have not been served in this case and thus have not filed a motion to dismiss the claims against them. However, dismissal against all Defendants is appropriate, where, as here, the non-responding Defendants are in a position similar to the moving Defendants. *See Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.") (internal citations omitted). Plaintiff has waived all of her claims for failure to obtain injunctive relief before the Trustee Sale. This waiver applies

---

F.3d 1034, 1042 (9th Cir. 2011) ("By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents.").

equally to all claims, regardless as to which Defendants they are asserted against. Accordingly, the Court shall dismiss Plaintiff's claims against all Defendants.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss Second Amended Complaint (Dkt. 36) is **GRANTED** with prejudice. The Clerk of the Court shall enter judgment for Defendants accordingly.

DATED this 19th day of January, 2012.

James A. Teilborg
United States District Judge